# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY DEAN DUSENBERY,** | : | **CIVIL NO. 1:17-CV-2402** |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **L.J. ODDO, WARDEN,** | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Larry Dean Dusenbery ("Dusenbery"), a federal inmate confined at the United States Penitentiary, Allenwood, Pennsylvania. Dusenbery challenges his conviction and sentence imposed by the United States District Court for the Northern District of Ohio for engaging in a continuing criminal enterprise ("CCE") and conspiracy to distribute more than five (5) kilograms of cocaine hydrochloride. (Id.) Dusenbery claims that he is entitled to federal habeas corpus relief because he was improperly sentenced in light of the Supreme Court's decision in United States v. Mathis, ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). (Id.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

## I. Background

In 1986, Dusenbery pleaded guilty in the United States District Court for the Northern District of Ohio to a charge of possession with intent to distribute 813 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988 ed.). See United States v. Dusenbery, 1996 WL 306517, at *1 (6th Cir. Jun. 6, 1996). He was sentenced to twelve (12) years of imprisonment followed by six (6) years of special parole. (Doc. 1, at 2); see also Dusenbery v. United States, 534 U.S. 161, 163 (2002).

During his incarceration, Dusenbery arranged for his subordinates to purchase cocaine from another organization for distribution in northeast Ohio. See United States v. Dusenbery, 1996 WL 306517, at *1. On October 9, 1991, while Dusenbery was still incarcerated in federal prison, a twenty-seven (27) count indictment was filed in the United States District Court for the Northern District of Ohio charging him with a continuing criminal enterprise, conspiracy, and eight (8) counts of using a communication facility. United States v. Dusenbery, No. 5:91-cr-291 (N.D. Ohio). Dusenbery entered into a plea agreement with the government and agreed to plead guilty to the CCE count. Id. Dusenbery thereafter attempted to withdraw his plea, claiming that he did not understand the nature of the

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

2

elements of the offense. Id. The District Court denied his request and sentenced him to 324 months in prison. Id. Dusenbery appealed to the Sixth Circuit Court of Appeals. Id. On appeal, the Sixth Circuit found that Dusenbery should have been allowed to withdraw his plea, and vacated his conviction. United States v. Dusenbery, No. 92-3791, 7 F.3d 235 (6th Cir. Oct. 4, 1993).

In 1994, on remand, Dusenbery elected to go to trial and the government pursued only the CCE and conspiracy counts. See United States v. Dusenbery, No. 94-3804, 1996 WL 306517 (6th Cir. June 6, 1996), *cert. denied*, 519 U.S. 956 (1999). A jury found Dusenbery guilty on both counts. Id. The District Court vacated the verdict on the conspiracy count because it merged into the CCE conviction, and sentenced Dusenbery to 480 months of imprisonment on the CCE count. Id. Dusenbery appealed to the Sixth Circuit. Id. The Sixth Circuit affirmed his conviction and the Supreme Court denied certiorari. Id.

Dusenbery then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. United States v. Dusenbery, Nos. 5:91-cr-291-01, 5:97-cv-2608 (N.D. Ohio July 21, 1998). The District Court denied his motion to vacate. Id. The Sixth Circuit affirmed the denial of the motion to vacate and the Supreme Court denied certiorari. Dusenbery v. United States, No. 98-4152, 1999 WL 993973 (6th Cir. Oct. 21, 1999), *cert. denied*, 529 U.S. 1030 (1999).

Dusenbery subsequently moved in the Sixth Circuit Court of Appeals for leave to file a second or successive motion to vacate, citing Richardson v. United States, 526 U.S. 813, 824 (1999). Se In re Dusenbery, No. 12-3400 (6th Cir. Nov. 8, 2012) at (Doc. 30-1). The Sixth Circuit granted his motion, and authorized

3

Dusenbery to pursue one ground for relief, that his conviction was unconstitutional after Richardson. Id.

Dusenbery then filed a motion to vacate in the District Court containing five grounds for relief, including the Richardson issue. Dusenbery v. United States, Nos. 5:00-cv-1781, 5:91-cr-291, 2000 WL 33964135 (N.D. Ohio). The District Court examined the Richardson claim only, granted in part Dusenbery's motion to vacate, vacated his CCE conviction and sentence, and ordered that he be resentenced on his conspiracy conviction. Dusenbery v. United States, No. 5:00-cv-1781 at Doc. 17. In 2001, based on the amount of cocaine involved in the conspiracy and Dusenbery's criminal history, he was ultimately sentenced to life in prison on the conspiracy count. See United States v. Dusenbery, 246 F. Supp. 2d 802, 804 (N.D. Ohio 2002). Dusenbery appealed his conviction and sentence. On appeal, the Sixth Circuit affirmed his conspiracy conviction and the Supreme Court denied certiorari. United States v. Dusenbery, 78 F. App'x 443 (6th Cir. 2003), *cert. denied*, 541 U.S. 951 (2004).

In 2004, Dusenbery filed another § 2255 motion to vacate with the district court, alleging ineffective assistance of counsel. Dusenbery v. United States, No. 5:04-cv-0621 (N.D. Ohio June 18, 2004). The District Court denied the motion to vacate. Id. Dusenbery did not appeal. Id.

Dusenbery subsequently moved for relief from judgment under FED. R. CIV. P. 60(b), alleging that he could not be sentenced to life imprisonment because a jury had never found the quantity of drugs involved in his offense, citing United States v. Booker, 543 U.S. 220 (2005). Dusenbery v. United States, No. 5:00-cv-1781 (N.D.

Ohio) at (Doc. 42). The District Court denied Dusenbery's motion for relief from judgment and denied Dusenbery a certificate of appealability. <u>Dusenbery v. United States</u>, No. 5:00-cv-1781 (N.D. Ohio), docket entry dated September 20, 2005. Dusenbery appealed. <u>Id.</u> at Doc. 45. The Sixth Circuit denied Dusenbery's application for a certificate of appealability, finding that <u>Booker</u> did not announce a new rule of constitutional law made retroactive to cases on collateral review. <u>Id.</u> at Doc. 49.

In November 2011, Dusenbery filed a Federal Rule of Civil Procedure 60(b) motion with the District Court, alleging that the prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to disclose information to him at trial. <u>Dusenbery v. United States</u>, No. 5:91-CR-291 (N.D. Ohio Mar. 26, 2012). The District Court construed the motion as a second or successive § 2255 motion to vacate transferred the motion to the Sixth Circuit. <u>Id.</u> The Sixth Circuit denied Dusenbery's motion, finding that Dusenbery did not cite a new rule of constitutional law that the Supreme Court made retroactive to his case, and did not cite newly discovered evidence. <u>In re Dusenbery</u>, No. 12-3400 (6th Cir. Nov. 8, 2012).

In 2017, Dusenbery moved in the Sixth Circuit Court of Appeals for leave to file a second or successive motion to vacate, citing <u>Mathis</u>, 136 S. Ct. 2243. <u>See</u> (Doc. 1-1). Dusenbery argued that his life sentence is no longer valid in light of <u>Mathis</u>. (<u>Id.</u>) On October 16, 2017, the Sixth Circuit denied his application for relief finding that <u>Mathis</u> did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. (Doc. 1-1, at 2-3).

5

Dusenbery filed the instant federal habeas petition on December 28, 2017. (Doc. 1).

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under

6

§ 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

Dusenbery seeks to vacate and correct his sentence in light of Mathis. He cannot do so by means of a § 2241 petition. Dusenbery offers no evidence that the United States Supreme Court or the Third Circuit has held that Mathis announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review). Additionally, Dusenbery's present claim is not based on a contention that Mathis decriminalized the conduct which led to his conviction. Instead, he challenges the basis for his sentence and sentencing enhancement pursuant to Mathis. The Third Circuit Court of Appeals has not extended the limited Dorsainvil exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. Okereke, 307 F.3d at 120 (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000)); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws", citing Okereke, 307 F.3d 117); Jackson v. Kirby, No. 17-4651, 2017 WL 3908868 (D.N.J. Sept. 6, 2017) (Mathis based sentencing enhancement claim not properly asserted under § 2241); Parker v. Warden FCI-Schuylkill, No. 17-0765, 2017 WL 2445334 (M.D. Pa. Jun. 6, 2017) (dismissing 2241 habeas petition on screening because Mathis based sentencing

7

enhancement claim is not properly asserted under § 2241). Thus, Dusenbery fails to demonstrate that his claim falls within the Dorsainvil exception.

Dusenbery's present claims fall within the purview of § 2255. Dusenbery acknowledges that he previously moved in the Sixth Circuit Court of Appeals for leave to file a second or successive § 2255 motion to vacate raising his Mathis based sentencing claim. The Sixth Circuit denied his application for relief finding that Mathis did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. (Doc. 1-1, at 2-3). The fact that the Sixth Circuit Court of Appeals denied his request to file a second or successive § 2255 motion asserting his Mathis claim does not make § 2255 relief inadequate or ineffective. See Cradle, 290 F.3d at 539 (petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the instant petition will be dismissed for lack of jurisdiction.

A separate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: January 11, 2018